1  Scott E. Davis
   State Bar No. 016160
2  SCOTT E. DAVIS, P.C.
   20827 North Cave Creek Road, Suite 101
3  Phoenix, AZ  85024

4  Telephone:  (602) 482-4300
   Facsimile:    (602) 569-9720
5  email: davis@scottdavispc.com

6  *Attorney for Plaintiff Christina Griego*

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF ARIZONA**

| | |
|---|---|
| 10  Christina Griego, | Case No. |
| 11          Plaintiff, | **COMPLAINT** |
| 12      v. | |
| 13  Life Insurance Company of North America, Fidelity Investments Group Employee | |
| 14  Short-Term Disability Plan, FMR, LLC., Medical Review Institute of America, Inc., | |
| 15          Defendants. | |
| 16 | |

17      Now comes the Plaintiff Christina Griego (hereinafter referred to as "Plaintiff"), by

18  and through her attorney, Scott E. Davis, and complaining against the Defendants, she

19  states:

20                          *Jurisdiction*

21      1.      Jurisdiction of the court is based upon the Employee Retirement Income

22  Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f).

23  Those provisions give the district courts jurisdiction to hear civil actions brought to recover

24  employee benefits.  In addition, this action may be brought before this Court pursuant to 28

25

26

-1-

1   U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of

2   the United States.

3                                      *Parties*

4          2.      Plaintiff is a resident of Bernalillo County, New Mexico.

5          3.      Upon information and belief, Defendant FMR, LLC. (hereinafter referred to

6   as the "Company") sponsored, subscribed to and administered an Employee Welfare

7   Benefit Plan within the meaning of 29 U.S.C. §3(I) which was self insured and allegedly

8   funded by employer contributions for the purpose of providing disability insurance for its

9   employees.  Upon information and belief, the fund is self-insured and may be part of the

10  Fidelity Investments Group Employee Short-Term Disability Plan (hereinafter referred to

11  as the "Plan") which was created to provide the Company's employees with welfare

12  benefits.  At all times relevant hereto, the Plan constituted an "employee welfare benefit

13  plan(s)" as defined by 29 U.S.C. §1002(1).

14         4.      Upon information and belief, the Company or Plan may have delegated

15  responsibility for the Plan and/or claim administration of the Plan to Life Insurance

16  Company of North America (hereinafter referred to as "LINA").  Plaintiff believes that as it

17  relates to her claim, LINA functioned as the Plan and/or Claim Administrator; however,

18  pursuant to the relevant ERISA regulation, the Company and/or Plan may not have made a

19  proper delegation or properly vested fiduciary authority or power for claim administration in

20  LINA.

21         5.      Upon information and belief, the Company or Plan may have operated under

22  a structural conflict of interest in that it operated in dual roles as the claims administrator

23  and payor of benefits; *to wit*, if it approved Plaintiff's claim they may have also been liable

24

25

26

1    for payment of benefits. [1] The Company or Plan's conflict of interest may have also led

2    them to retain a company such as LINA to be the claims administrator in the Company

3    funded the Plan and would directly benefit financially if LINA administered their claims in

4    a parsimonious manner.

5        6.      LINA's conflict of interest existed in that if it maintained a parsimonious

6    approach to managing the Company or Plan's claims it would benefit directly by fulfilling

7    the terms of its administrative services agreement with the Company or the Plan.  LINA's

8    conflict of interest may have also manifested in that it insured the Company's long term

9    disability plan or policy and Plaintiff may have needed to exhaust her short term disability

10    benefits in order to be eligible to file a long term disability claim with LINA.  Thus, LINA's

11    denial of Plaintiff's short term disability claim may have precluded her from being eligible

12    for long term disability benefits pursuant to the LINA policy.  As a result, LINA potentially

13    saved money by not having to pay long term disability benefits when it denied Plaintiff's

14    short term disability claim in spite of the fact the Company or Plan may have been liable to

15    pay the short term disability benefits.

16        7.      Upon information and belief, the Company, Plan and/or LINA may have

17    delegated claim administration to another company known as Medical Review Institute of

18    America, Inc. (hereinafter referred to as "MRIoA") who appears to have made the final

19    decision to deny Plaintiff's claim.

20

21

22

23

24

25

26

---

[1] In *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) the court held, "In Bruch, the Supreme Court instructed us to "weigh[ ]" a fiduciary's "conflict of interest" as "a 'facto[r] in determining whether there is an abuse of discretion.' " 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)). *MetLife labors under such a conflict of interest: It both decides who gets benefits and pays for them, so it has a direct financial incentive to deny claims.* See Langbein, supra, at 1321 ("The danger pervades the ERISA-plan world that a self-interested plan decision maker will take advantage of its license under Bruch to line its own pockets by denying meritorious claims.")(emphasis added).

1    8.    The Company, Plan, LINA and MRIoA conduct business within Maricopa

2    County, Arizona.

3                                     *Venue*

4    9.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28

5    U.S.C. §1391.

6                            *Nature of the Complaint*

7    10.    Incident to her employment, Plaintiff was a covered employee pursuant to

8    the Plan and a "participant" as defined by 29 U.S.C. §1002(7).  Plaintiff seeks disability

9    income benefits from the Plan pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C.

10   §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of

11   being found disabled.

12   11.    After working for the Company as a loyal employee, Plaintiff became

13   disabled on or about March 3, 2010 due to serious medical conditions and was unable to

14   work in her designated occupation as a Contribution Rep II.  Plaintiff has remained

15   disabled as that term is defined in the relevant Plan continuously since that date and has not

16   been able to return to any occupation as a result of her serious medical conditions. Plaintiff

17   attempted to return to work at the same Company on or about June 22, 2010, but was

18   unsuccessful due to her medical conditions and discontinued that effort on or about August

19   13, 2010.

20   12.    Following her disability, Plaintiff applied for short term disability benefits

21   under the relevant short term disability Plan.

22   13.    In a letter dated May 6, 2010, LINA notified Plaintiff it was denying her

23   claim for short term disability benefits.

24   14.    Upon information and belief, the relevant short term disability Plan provides

25   the following definition of a covered disability:

26

1
2
3

"Disability means that you are under the continuous care of a Physician, and you cannot perform one or more of the essential duties of your own occupation because of an accidental bodily injury, a sickness, a mental illness, substance abuse, or pregnancy."

4

15.     Pursuant to 29 U.S.C. § 1133, Plaintiff timely appealed the May 6, 2010

5

denial of her claim for short term disability benefits.

6

16.     In support of her claim for short term disability benefits, Plaintiff submitted to

7

LINA medical records from her treating physicians supporting her allegation she met the

8

relevant definition of disability under the short term disability Plan.

9

17.     Upon receiving Plaintiff's request for an appeal, LINA referred Plaintiff's

10

claim to MRIoA for a final review..

11

18.     Upon information and belief, MRIoA is a privately owned third party vendor

12

who reviews appeals on behalf of the Company and/or LINA.  Plaintiff believes MRIoA

13

may be a long time consultant for companies who sponsor, subscribe to and administer

14

group short and/or long term disability insurance plans/policies.

15

19.     Plaintiff believes MRIoA may have an incentive to protect its own consulting

16

relationships with the aforementioned companies, including the other named Defendants

17

herein, by providing reviews and determinations which selectively review or ignore

18

evidence, such as occurred in Plaintiff's claim, in order to provide determinations which

19

are favorable to the companies and supported the denial of Plaintiff's claim.

20

20.     In a letter dated December 29, 2010, MRIoA notified Plaintiff it was

21

upholding LINA's denial of her claim for disability benefits.

22

21.     In denying Plaintiff's claim for disability benefits, both LINA and MRIoA

23

erroneously concluded Plaintiff failed to provide sufficient evidence to support the severity

24

of her serious medical conditions.  Both LINA and MRIoA's denial letters failed to provide

25

a full and fair review pursuant to ERISA because they failed to consider, and/or selectively

26

1   reviewed and de-emphasized most, if not all of Plaintiff's evidence which adequately

2   documented her serious medical conditions and supported her allegation she met the

3   definition of disability under the relevant Plan.

4       22.     As part of a review of Plaintiff's claim, MRIoA referred Plaintiff's claim to a

5   peer review professional for a medical records only paper review of Plaintiff's claim.

6   However, MRIoA failed to engage Plaintiff in a dialogue by never disclosing the existence

7   of the review until after it rendered its final denial and consequently; Plaintiff unfairly

8   never had an opportunity to respond to the peer review report.

9       23.     Upon information and belief, Plaintiff believes the peer reviewer retained by

10  MRIoA to conduct a review of her claim may be a long time consultant for the disability

11  insurance industry.  Plaintiff believes the peer reviewer may have an incentive to protect

12  his or her own consulting relationships with the disability insurance industry and MRIoA

13  by providing medical record only reviews which selectively review or ignore evidence,

14  such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are

15  favorable to insurance companies and which supported the denial of Plaintiff's claim.

16      24.     The peer reviewer did not personally examine Plaintiff, and his or her opinion

17  that Plaintiff is not prevented from the essential duties of her occupation is based entirely

18  on a selective review of Plaintiff's medical records which unlawfully and erroneously

19  ignored and/or de-emphasized Plaintiff's self-reported complaints and the combined

20  effect [2] Plaintiff's prescribed medications had on her ability to work in any occupation.

21  Plaintiff believes this evidence was critical evidence because her limitations precluded any

22  gainful employment and were sufficient to meet the definition of disability set forth in the

23

24  [2] *See Peterson v. Fed. Express Corp. Long Term Disability Plan*, 2007 U.S. Dist. LEXIS

25  41590 (D. Ariz. 2007).

26

1    relevant Plan.  The aforementioned evidence should have been considered and the fact it

2    was not precluded a full and fair review of Plaintiff's claim.

3         25.    In evaluating Plaintiff's claim on appeal, the Plan, LINA and MRIoA had an

4    obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests

5    and other participants" which it failed to do. [3]

6         26.    In the denial letter dated December 29, 2010, MRIoA notified Plaintiff she

7    had exhausted her administrative remedies and could file a civil action in federal court

8    pursuant to ERISA § 502(a), but never communicated a deadline within which her claim

9    would be barred.

10        27.    Plaintiff believes a reason MRIoA provided an unlawful review which was

11   neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due

12   to its desire to protect its consulting relationships with companies, including LINA and/or

13   FMR, LLC., who sponsor, subscribe to and administer group disability insurance

14   plans/policies.

15        28.    Plaintiff is entitled to discovery regarding the aforementioned conflicts of

16   interest of any Defendant, including LINA and MRIoA, and any individual who reviewed

17   her claim and the Court may properly weigh and consider evidence regarding the nature,

18   extent and effect of *any* conflict of interest which may have impacted or influenced

19   LINA and/or MRIoA's decision to deny her claim.

20

21   [3] It sets forth a special standard of care upon a plan administrator, namely, that the
     administrator "discharge [its] duties" in respect to discretionary claims processing "solely
22   in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it
     simultaneously underscores the particular importance of accurate claims processing by
23   insisting that administrators "provide a 'full and fair review' of claim denials," Firestone,
     489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it
24   supplements marketplace and regulatory controls with judicial review of individual claim
     denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S.
25   2008).

26

1      29.     With regard to whether Plaintiff meets the definition of disability set forth in

2   the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if

3   the Court concludes the Plan confers discretion, the unlawful violations of ERISA

4   committed by the Plan and its administrators as referenced herein are so flagrant they

5   justify *de novo* review.  In addition, a proper delegation of fiduciary authority may not have

6   been made from the Company or the Plan to LINA, or to MRIoA who made the final

7   denial.

8      30.     As a direct result of LINA and MRIoA's decisions to deny Plaintiff's

9   disability claim, she has been injured and suffered damages in the form of lost disability

10   benefits, in addition to other potential employee benefits she may have been entitled to

11   receive through or from the Plan, the Company or LINA as a result of being found

12   disabled.

13      31.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits,

14   prejudgment interest, reasonable attorney's fees and costs from Defendants.

15      32.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum

16   pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for

17   losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

18      WHEREFORE, Plaintiff prays for judgment as follows:

19      A.      For any and all disability benefits due as a result of being found disabled

20   pursuant to the Plan for the entire timeframe Plaintiff met the definition of disability set

21   forth in the Plan and prejudgment interest thereon as well as any other employee benefits

22   she is entitled to from the Plan and/or Company as a result of being found disabled;

23      B.      For an Order directing Defendants to pay Plaintiff the aforementioned

24   benefits;

25

26

1      C.     For attorney's fees and costs incurred as a result of prosecuting this suit

2  pursuant to 29 U.S.C. §1132(g); and

3      D.     For such other and further relief as the Court deems just and proper.

4                  DATED this 29th day of December, 2011.

5                       SCOTT E. DAVIS. P.C.

6                     By:    */s/ Scott E. Davis*

7                            Scott E. Davis
                                Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26